UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MOIRA BANYAGA,

                        Plaintiff,

                                                        DECISION AND ORDER

                                                        01-CV-6427L

                   v.

UNIVERSITY OF ROCHESTER,

                        Defendant.
_____

      In this action, plaintiff claims that while employed as a medical resident in the Ophthalmology Department of defendant, University of Rochester, she was subjected to a hostile work environment and retaliated against after she complained about what she viewed as harassment. Plaintiff claims that she was constructively discharged on November 28, 1999. Defendant denies the allegations.

      Apparently, the parties have completed most of the necessary discovery and dispositive motions are due in a few weeks. Defendant has advised that it does intend to file such a motion. No trial date has been set.

      Pending before the Court is plaintiff's motion *in limine* to preclude the defendant from introducing certain evidence at trial (Dkt. #62). I deny the motion as premature without prejudice to its renewal prior to trial.

      Plaintiff recognizes that such a motion is somewhat premature, since it is filed prior to the filing of dispositive motions and well in advance of any trial date, but seeks a favorable ruling now in order to obviate the need for discovery in Canada which may prove to be time-consuming and costly. The challenged evidence relates to a letter, dated November 18, 1999, by Dr. Duncan

Anderson, the Acting Director of the Residency Training Program, at the University of British Columbia.

Plaintiff had been employed at that institution prior to her association with the defendant. The letter gave a negative assessment of plaintiff. The letter stated that plaintiff's "clinical performance during training was satisfactory, but we felt her ethical behavior and teamwork were somewhat lacking." (Dkt. #62, Ex. 6). Plaintiff seeks to preclude defendant from using that document.

First of all, it may be completely unnecessary for the Court to determine if either the challenged letter or testimony concerning it is relevant in the lawsuit. Defendant insists that it has no intention of using this evidence in its motion for summary judgment. It seems best, therefore, to resolve the soon-to-be filed summary judgment motion first. A ruling adverse to plaintiff would, of course, moot this present evidentiary issue.

Second, it is not entirely clear whether defendant intends to use this letter and for what purpose. Plaintiff claims that officials at the defendant hospital conceded that they did not base their decisions concerning plaintiff on the letter or any information received from the University of British Columbia. Defendant's purpose for introducing the evidence is vague, to say the least. It asserts that the information may pertain to "plaintiff's credibility and qualifications." I share plaintiff's view that there are serious evidentiary problems concerning this evidence. The letter itself is not self-authenticating and clearly appears to be hearsay. Defendant has not suggested any exception to the hearsay rule. Furthermore, if the defendant did not take the information from the University of British Columbia into account in its dealings with plaintiff, it is hard to see how this evidence would be relevant. It is not at all clear yet how the evidence would be admissible under Rule 404 or 405, Federal Rules of Evidence.

To make a definitive ruling at this time, however, would be unfair to the parties. I do not have a complete record and defendant has not made a full proffer as to how it intends to use the evidence. There are certainly serious evidentiary issues, and defendant will have the burden with

regard to this matter, but the dictates of judicial economy and the need to understand precisely the nature of defendant's proffer require that the motion be deferred until trial.

As is often the case in complex litigation, the parties have to make judments about the extent to which they engage in discovery. United States Magistrate Judge Marian W. Payson has recently issued Letters Rogatory to officials in Canada as a precursor to commencing discovery there. It is for plaintiff to determine whether to pursue that process.

CONCLUSION

Plaintiff's motion *in limine* (Dkt. #62) is denied without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

Dated:  Rochester, New York
        May 10, 2005.